IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10339
Summary Calendar
_____

UNITED STATES OF AMERICA,

            Plaintiff-Appellee,

                        versus

BENNIE DEAN HENDERSON,

            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-164-1-A

_____

December 2, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Bennie Dean Henderson appeals the district court's denial of

his motion to continue sentencing, after he pleaded guilty to

conspiracy to commit mail fraud.  "[T]he disposition of motions for

continuance is vested in the sound discretion of the trial court,

which will not be disturbed on appeal except upon a clear showing

of abuse of discretion" and a demonstration of "serious prejudice"

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resulting from the denial.[1]

There was no abuse of discretion in Henderson's case. The defendant lodged two complaints at sentencing, and asked that the sentencing be continued so that counsel could further investigate the issues. Henderson's first objection was that Assistant Federal Public Defender (AFPD) Wannamaker, who had represented him up until the sentencing, when AFPD Curtis took over the representation, had rendered ineffective assistance. The second was that he wished to withdraw his guilty plea on grounds of innocence. The trial court allowed the defendant the opportunity at sentencing to testify as to both motions. During his testimony on the motion to remove the FPD's office, the defendant agreed to withdraw the motion and have AFPD Curtis, who was representing him at the sentencing, continue to be his counsel. Thus, that issue was resolved and the district court did not abuse its discretion in refusing to continue the sentencing so that Curtis could inquire further into the issues concerning the motion to remove.

As to defendant's assertion of innocence and desire to withdraw his guilty plea, AFPD Curtis declined to allow Henderson to testify in support of that claim, thus failing to establish any reason why the district court should consider the motion meritorious and serve as a basis for continuing the sentencing. Therefore, the trial court also did not abuse its discretion in

---

[1] *United States v. Mitchell*, 777 F.2d 248, 255 (5th Cir. 1985).

refusing to allow a continuance on this basis.

Furthermore, even if the district court did abuse its discretion in continuing the sentencing, the defendant does not show that serious prejudice resulted from that decision. He fails to provide any cognizable reason why the continuance would have benefitted either his ineffectiveness claim or his motion to withdraw the guilty plea.

AFFIRMED.